Judge Ewins
delivered the Opinion of the Court.
We have not thought it advisable to look into or adjudicate on the merits of this case, as it is apparent that the proper parties were not before the court.
Banks, and Marcus Thomas, as his co-security, executed a note, as the sureties of Shortridge, to the President and Directors of the Commonwealth’s Bank. After the death of Banks, suit at law was prosecuted against Shortridge and Thomas, and judgment recovered, and execution returned no property found. The bill in this case, was filed against Banks’ heirs and representatives, without making Shortridge or Thomas parties. We are clearly of opinion, that they were both necessary parties. They are liable to contribute to Banks’ representatives, in case they shall be made pay the debt— the former the whole amount of the sum decreed against the representatives, the latter, as co-security, his equal share; and have, therefore, a right to be heard. All the obligors are bound to contribute. 2 Bibb, 275, Cox's heirs vs. Strode. It matters not that a judgment at law has been rendered against them, and a return of nulla bona. Payment and other matters of defence, accruing since the judgment, going to extinguish or satisfy the same, would be an available defence against the complainant’s right to a decree; and they should be furnished with an opportunity to plead such matters, if they exist; and though they were shown by the return of an officer, to have been insolvent, they may not always remain so, and are, notwithstanding, bound equally to contribute to Banks’ representatives, if they should, at any future period, be able to do so.
*422 Besides it appears, that John Banks, one of the heirs' of the decedent, died after the bill was filed, without issue, and his personal representative was not made a party to the bill, nor is it alleged that he had none, or any other allegation made which would justify proceeding against his heirs.
It also appears, that process has not been executed upon any of the'heirs of Banks, or other defendants in the cause, but Mrs. Durrett and her husband, Paul Durrett, and Daniel Trobough, nor have they appeared.
It is, therefore, decreed by the court, that the decree of the Circuit Court be reversed, and the cause remanded, that further proceedings may be had, and steps taken to bring the proper parties before the court, in some reasonable time, or the bill be dismissed without prejudice.